# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7069 | **DATE** | 1/29/08 |
| **CASE TITLE** | Ramone Griffin (K-68821) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff Ramone Griffin's motion for leave to file his complaint *in forma pauperis* [3], is granted. The trust fund officer at plaintiff's current place of confinement is authorized to deduct $4.40 as an initial partial filing fee from plaintiff's prison trust fund account. The Court further directs and authorizes the trust fund account officer to make deductions from plaintiff's trust fund account in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund account officer at the Vienna Correctional Center. Plaintiff may proceed with his claims against defendants Cook County Sheriff Tom Dart, Cook County Jail Medical Director Ting, and Officer Kozel. The clerk shall issue summonses for these defendants, and the United States Marshals Service is appointed to serve the defendants. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to plaintiff Instructions for Submitting Documents, along with a copy of this order. Status hearing set for 3/28/08 at 10:00 a.m.

■ [**For further details see text below.**]

Docketing to mail notices.

---

## STATEMENT

Plaintiff Ramone Griffin, currently incarcerated at Vienna Correctional Center, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Cook County Sheriff Tom Dart, Cook County Jail Medical Director Ting, and Cook County Correctional Officer Kozel. Plaintiff alleges that the defendants acted with deliberate indifference to his post-surgical medical needs with respect to his gunshot wounds to his thigh and femur, and that his femur bone healed improperly. Plaintiff also alleges that he was unable to obtain an adequate toothbrush in jail.

The court finds that plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the supervisor of inmate trust accounts at Vienna Correctional Center is authorized to collect $4.40 as an initial partial filing fee, and thereafter to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number of this action. The Vienna Correctional Center inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to another state correctional facility.

Preliminary review of plaintiff's complaint reveals that plaintiff may proceed with his claims against the defendants. *See* 28 U.S.C. § 1915A; *Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999).
**(CONTINUED)**

isk

**STATEMENT (continued)**

The United States Marshals Service is appointed to serve defendants Cook County Sheriff Tom Dart, Cook County Jail Medical Director Ting, and Cook County Correctional Officer Kozel. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who can no longer be found at the work address provided by plaintiff, Cook County Jail officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The court denies without prejudice plaintiff's motion for the appointment of counsel. Though civil litigants do not have a constitutional or statutory right to counsel, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1). However, plaintiff has not demonstrated that he "has made reasonable efforts to retain counsel and was unsuccessful or that [he] was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d at 656. Nor does this case, at this stage of the proceeding, involve complex issues, complex discovery, or an evidentiary hearing. Also, plaintiff's complaint demonstrates his competence, at least at this point, to present his claim adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).

Plaintiff is instructed to file all future papers concerning this action (both an original and a judge's copy) with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to defendant or, if represented by counsel, to counsel for defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.