UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAMONE GRIFFIN 2006-0088113, | ) ) ) | |
| Plaintiff, | ) ) | 07 C 7069 |
| v. | ) ) | Judge Elaine E. Bucklo |
| SHERIFF THOMAS DART, MEDICAL DIRECTOR TING, and OFFICER KOZEL, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DART AND TING's MOTION TO DISMISS THE COMPLAINT

Defendants Sheriff Thomas Dart and Medical Director Andrew Ting, by their attorney, Richard A. Devine, State's Attorney of Cook County, through his Assistant, Daniel J. Fahlgren, move this Honorable Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint for failure to state a claim for which relief can be granted. In support of this motion Defendants state the following.

### INTRODUCTION

Plaintiff brings this civil rights action against Thomas J. Dart, Sheriff of Cook County, Dr. Andrew Ting, Interim Medical Director of Cermak Health Services of Cook County, and Correctional Officer Kozel pursuant to 42 U.S.C. § 1983. Although he was a pretrial detainee and not a convicted inmate during the time he was in Cook County Jail, Plaintiff claims in each of the three counts in his complaint a violation of his Eighth Amendment right to be free of cruel

and unusual punishment, and of his 14th Amendment right to due process. (Complaint, sec. IV, Counts 1-3) Plaintiff, who was a pretrial detainee in the Cook County Jail between June 2006 and October 15, 2006, alleges that he was denied medical care for pain he experienced due to a gunshot wound he suffered before being admitted into Cook County Jail. (Complaint, Sec IV. para. 1) Plaintiff alleges that "Defendants", without specifying who was responsible for his medical care in the Division of the Jail in which he was held, violated his rights. Only in Count 2, Plaintiff claims that Officer Kozel took his crutches from him does he identify any individual who allegedly violated his rights.

Plaintiff is seeking to hold Sheriff Dart and Medical Director Ting liable, not for their own actions, omissions or policies, but for the conduct of their unidentified employees. For this reason, Defendants Dart and Ting seek to have this complaint dismissed for failure of Plaintiff to state a claim against them in either their individual capacities or their official capacities under Section 1983.

Plaintiff seeks punitive damages against Dart and Ting in their official capacities. If the court should decide that Plaintiff has stated valid official capacity claims against Defendant s Dart and Ting, his claims for punitive damages should be stricken as unavailable in Section 1983 official capacity claims.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. The Seventh Circuit Court reaffirmed the "liberal system of notice pleading" in civil rights actions brought under 42 U.S.C. § 1983. *McCormick v. City of Chicago, et al.,* 230 F. 3d 319, 2000 U.S. App. LEXIS 25686 (7th Cir. 2000) *citing Leatherman v. Tarrant*

*County Narcotics Intelligence & Coordination Unit*, 113 S.Ct. 1160, 1161 (1993) However, a court is not required to "'ignore any facts set forth in the complaint that undermine the plaintiff's claim...'" *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois St. Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1988). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991).

## ARGUMENT

### 1. Plaintiff Has Not Alleged an Individual Capacity Claim Against Dart or Ting

Plaintiff sues Sheriff Dart and Medical Director Ting in both their individual and official capacities. (Complaint Counts 1,2 ,3 ) Sheriff Dart and Medical Director Ting should be dismissed from this action because Plaintiff has failed to allege either a valid individual capacity claim, or a valid official capacity claim against either of them.

Thomas J. Dart is the Sheriff of Cook County, with the responsibility for Supervising a large department employing hundreds of deputies and correctional officers. Cermak Health Services of cook County provides medical care for the approximately 10,000 detainees housed in the Cook County jail each year. Dr. Ting, as interim Medical Director of Cermak Health Services, supervises a large medical staff, including doctors, nurses, physician assistants and paramedics. Plaintiff alleges no personal involvement on the part of either Sheriff Dart or Dr. Ting in the alleged violations of his constitutional rights.

To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must

3

be stated. *Potter v. Clark,* 497 F.2d 1206 (7th Cir. 1974). The Seventh Circuit reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Moore v. State of Indiana*, 999 F.2d 1125,1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864,869 (7th Cir. 1983)(emphasis in original) A plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986) Plaintiff's allegations must be substantive and go beyond merely placing a defendant's name in the caption of the complaint. *Potter v. Clark*, 497 F.2d 1206 (7th Cir. 1974).

A defendant cannot be held liable by virtue of his employment or supervision of individuals who are alleged to have engaged in unconstitutional conduct. *Rizzo v. Goode,* 423 U.S. 362, 377, 96 S.Ct 598, 607 (1976). Because the doctrine of *respondeat superior* does not apply in § 1983 actions, it is not enough for plaintiff to allege wrongdoing on the part of defendant's subordinate*s. See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) Vicarious liability is insufficient to hold the employer or supervisor responsible merely because of his position. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691, 90 S. Ct. 2018, 2036 (1978).

There are no allegations that either Sheriff Dart or Medical Director Ting participated directly in the alleged violations of Plaintiff's constitutional rights. In essence, Plaintiff is attempting to hold them individually liable based solely on the alleged acts or omissions of unnamed employees of CCDOC and Cermak Health Services. Plaintiff alleges no facts supporting his mere conclusion that Dart and Ting showed deliberate indifference to Plaintiff's condition in violation of his constitutional rights. There is no allegation that Dart or Ting had knowledge of, or responded in any way to, Plaintiff's complaints.  Finally, Plaintiff does not

4

allege that either Sheriff Dart or Director Ting directed or consented to the alleged violations claimed by Plaintiff.

Plaintiff has merely placed the names of Sheriff Dart and Dr. Ting in the caption of the complaint and has stated in conclusory fashion that they are liable for denying him medical care. Because Plaintiff fails to state a cause of action against either Dart or Ting in their individual capacities, the complaint against them should be dismissed.

### 2. Plaintiff Has Not Alleged An Official Capacity Claim Against Either Sheriff Dart or Medical Director Ting

Plaintiff also fails to state a claim against either Sheriff Dart or Medical Director Ting in their official capacities. Actions brought against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985). It is well settled that governmental employees cannot be held liable in their official capacities in a §1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy or practice. *Monell v. Department of Social Services of the City of New York,* 98 S.Ct. 2018, 2036 (1977). The *Monell* court rejected a theory of *de facto respondeat superior* liability on governmental entities. *Id.* at 2037.

Court have has identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School*

5

*Corp.,* 26 F.3d 728, 735 (7th Cir. 1994)(citations omitted). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown,* 117 S. Ct. 1382, 1388 (1997); *Polk County v. Dodson,* 102 S. Ct. 445 (1981).

  In *Jackson v. Marion County,* 66 F.2d 151, 153-54 (7th Cir. 1995), the Seventh Circuit stated:
> "Allegations in a complaint are binding admissions...and admissions can of course admit the admitter to the exit from the federal courthouse...So when as in *Baxter by Baxter v. Vigo County School Corp.* 26 F.3d 728 (7th Cir. 1994) the complaint names an official in his official capacity (making it a suit against the office, that is, the governmental entity itself) without a clue as to what the authority of the office is or what policy of the office the plaintiff believes violated his rights, the suit is properly dismissed on the pleadings." (citations omitted).

  In addition, a single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994).

  Although a plaintiff is not held to a heightened standard of pleading in order to state a *Monell* claim, his official capacity claim must at a minimum include allegations in conclusory language that a policy existed, buttressed by facts alleging wrongdoing by the governmental entity. *McCormick v. City of Chicago, et al.,* 230 F. 3d 319, 325 (7th Cir. 2000).

  Even applying the liberal notice pleading standard, Plaintiff's allegations are insufficient to state an official capacity claim against either Sheriff Dart or Medical Director Ting. Plaintiff describes only an isolated occurrence of alleged failure of Cermak or CCDOC employees to provide him with medical care. Plaintiff does not allege that a policy of the Sheriff or the Medical Director caused him to suffer a violation of his constitutional rights. In fact, except for and naming Sheriff Dart and Medical Director Ting in the caption and the "Defendants" section of the Complaint, Plaintiff does not allege a policy at all.  As stated in *Potter v. Clark, supra*, this

6

is insufficient to state a Section 1983 constitutional claim. Plaintiff makes no allegations that can reasonably be construed to claim that an unlawful policy caused his claim of injury. Therefore he has failed to state a viable official capacity claim against Sheriff Dart or Medical Director Ting. Plaintiff's factual allegations establish nothing more than a single set of circumstances particular to Plaintiff, and directly thwart any attempt to establish official capacity liability.

Plaintiff fails to allege that a policy, custom, or practice for which Sheriff Dart or Medical Director Ting is responsible was a cause or contributing cause for his alleged constitutional injury. Accordingly, under *Monell, McCormick, Baxter by Baxter* and their progeny, Plaintiff fails to state an official capacity claim pursuant to 42 U.S.C. § 1983, and Sheriff Dart and Medical Director Ting should be dismissed from this case.

### 3. Plaintiff Is Not Entitled To Claim Punitive Damages In A 42 U.S.C. § 1983 Action Based Solely On Official Capacity

Plaintiff seeks compensatory and punitive damages against Defendants Dart and Ting in this action. (Complaint, p. 6) Assuming *arguendo* that Plaintiff has stated a cause of action upon which relief can be granted, Plaintiff is not entitled to punitive damages in a 42 U.S.C. § 1983 action which is based solely on an official capacity claim. It is well settled that punitive damages are unavailable in a 42 U.S.C. § 1983 action against a municipal actor where the claim is based solely on official capacity. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271-72, 101 S. Ct. 2748 (1981). Therefore, this portion of Plaintiff's Complaint should be stricken.

### CONCLUSION

For the foregoing reasons, the Complaint should be dismissed against Defendants Sheriff Dart and Medical Director Ting pursuant to Rule 12(b)(6) of the Federal Rules of Civil

7

Procedure for failure to state a claim upon which relief can be granted. In the alternative, Plaintiff's claims for punitive damages against Thomas J. Dart as Sheriff of Cook County in his official capacity and against Dr. Ting as Medical Director of Cermak Health Services of Cook County should be stricken.

                                      Respectfully Submitted,
                                      RICHARD A. DEVINE
                                      State's Attorney of Cook County

By:     _s/*Daniel J. Fahlgren*_____
          Daniel J. Fahlgren
          Assistant State's Attorney
          Torts and Civil Rights Litigation Section
          500 Richard J. Daley Center
          Chicago, IL 60602
          (312) 603-3304
          6201163