## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7069 | **DATE** | 7/8/08 |
| **CASE TITLE** |  | Ramone Griffin (2006-0088113) v. Tom Dart, et al. | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the motion to dismiss filed by Defendants Tom Dart and Andrew Ting [17] is denied. . Plaintiff's motion to strike [23] is construed as Plaintiff's response to Defendants' motion to dismiss, and is granted to the extent the Court accepts Plaintiff's motion as his response. Answer will be due within 30 days.Status hearing set for 9/19/08 at 9:30 a.m. Matthew Boyd Steffens of Scandaglia & Ryan, 55 E. Monroe St., Suite 3930, Chicago, Il. 60603, Tel. # 312/580-2026 is appointed to represent plaintiff. Cunsel is directed to confer with plaintiff and be prepared for the status hearing.

■ [**For further details see text below.**]      Docketing to mail notices.

### STATEMENT

    Ramone Griffin, currently incarcerated at Vienna Correctional Center, filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart, Director of Medical Services for the Cook County Jail Andrew Ting, and Cook County Jail Officer Kozel. Plaintiff alleges that he was unable to obtain adequate medical treatment after he entered the Cook County Jail in 2006. Specifically, Plaintiff alleges that: he had a pre-existing injury of a gunshot wound; he had pins and rods in both legs; he requested medical attention; it took over 7 months for Plaintiff to receive treatment; and had the defendants seen Plaintiff, they would have noticed that his right hip and femur were healing improperly, as x-rays later revealed. Plaintiff further asserts that, on December 15, 2006, Officer Kozel took Plaintiff's crutches for no reason but to cause Plaintiff pain, and that Officer Kozel taunted Plaintiff about his complaining about his condition. Plaintiff also alleges that he had bleeding gums, that the jail provided inadequate dental care, and that Plaintiff received only a two-inch long toothbrush. Plaintiff states that he filed several grievances about inadequate dental care, to which jail officials responded that inmates do not get dental treatment anymore and that Plaintiff should write the governor.

    The Court allowed the complaint to proceed against the defendants. Officer Kozel filed an answer. Tom Dart and Andrew Ting filed a motion to dismiss the complaint. Plaintiff has filed a motion to strike the motion to dismiss, which the Court construes as a response to the motion. For the following reasons, the motion to dismiss is denied.

**(CONTINUED)**

isk

**STATEMENT (continued)**

When considering a motion to dismiss, this Court assumes true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Addressing a motion to dismiss involves two considerations. First, under the notice pleading requirement of Fed. R. Civ. P. 8(a), this Court must determine whether the complaint sufficiently provides the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1964 (2007). The complaint need not provide extensive specific facts; it need only state a legal claim and provide "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004); *see also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65.

If the complaint sufficiently provides notice of a claim, the Court must then determine if the allegations therein "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007). The complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 127 S. Ct. at 1965. Nor must a court presume facts not alleged. *Id.* Also, if the plaintiff pleads facts that demonstrate that he has no claim, he may plead himself out of court. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Nevertheless, the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits, or to determine a plaintiff's ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). Furthermore, a court must liberally construe a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

To succeed on a claim of deliberate indifference, Plaintiff must be able to establish both an objective and a subjective element: (1) under the objective element, Plaintiff must be able to prove that his medical condition or jail condition was sufficiently serious, and (2) under the subjective element, Plaintiff must be able to demonstrate that the Defendants acted with deliberate indifference to the serious medical need. Under the objective prong, Plaintiff must allege he had an objectively serious medical need, i.e., a need that a reasonable lay person would recognize the need for a doctor's attention. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005). Under the subjective component, Plaintiff must be able to show that the Defendants acted with a "sufficiently culpable state of mind," i.e., that they were subjectively aware of the serious risk of harm and disregarded it. *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Section 1983 does not support liability on the theory of respondeat superior. A supervisory official cannot be held liable for the unconstitutional conduct of his or her subordinates. In order to sustain a § 1983 claim against a supervisory official, such as a sheriff or medical director, a plaintiff must assert that such defendants were personally involved with the events giving rise to the plaintiff's claims. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Without personal involvement, a supervisory official may be liable in his or her official capacity, which requires a plaintiff to establish that he was harmed as a result of a custom or policy. *Id.* The plaintiff "must point to either an express policy which caused the injury, a widespread practice that is so well-settled as to amount to a policy, or that the sheriff [or other supervisory official] had the final policymaking authority for the decisions regarding the medical treatment [the plaintiff] received." *Id.*

**STATEMENT (continued)**

    Plaintiff's allegations of a gunshot wound and inability to obtain a toothbrush longer than two inches, dental floss, or other dental care products sufficiently allege a serious medical need and an inhumane jail condition. *See Board v. Farnham*, 394 F.3d at 482; *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999). Defendants Dart and Ting correctly note that Plaintiff does not specifically refer to them individually in the "Statement" section of his complaint. However, Plaintiff's assertions that he was not able to get any treatment for his gunshot wound for seven months, that his repeated grievances went unanswered, that "the defendants intentionally refus[ed] Plaintiff medical attention," and that the jail refused to provide inmates with dental care and anything more than a two-inch toothbrush sufficiently allege a policy or widespread practice of denying adequate medical and dental care to inmates. Supervisory officials "can realistically be expected to know about or participate in creating systematic jail conditions." *Sanders*, 198 F.3d at 629. A more developed record may show that Plaintiff does not have valid § 1983 claim against either Dart or Ting; however, the complaint at this time alleges enough to at least state a valid claim.

    Accordingly, for the reasons stated herein, the Tom Dart and Andrew Ting's motion to dismiss is denied. These defendants must answer or otherwise plead to the complaint within 30 days of the date of this order.